FILED
SUPERIOR COURT
OF GUAM

2022 APR 20 PM 4: 38

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JOEY ALAN ACFALLE TERLAJE,<br><br>                  Defendant. | Case No. CF0642-21<br><br>**DECISION AND ORDER**<br>**(Motion for Bill of Particulars)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on March 31, 2022, for a hearing on Joey Alan Acfalle Terlaje's ("Defendant") Motion for a Bill of Particulars. Attorney Joaquin C. Arriola appeared for Defendant. Assistant Attorney General Jeremiah B. Luther appeared for the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **GRANTS** Defendant's motion as to Charge Two of Official Misconduct (As a Misdemeanor) and Charge Three of Official Misconduct (As a Misdemeanor) and **DENIES** Defendant's motion as to Charge One of Felonious Restraint (As a Third Degree Felony).

## BACKGROUND

On December 17, 2021, a grand jury indicted Defendant on the following charges: (1) Felonious Restraint (As a Third Degree Felony); (2) Official Misconduct (As a Misdemeanor); and (3) Official Misconduct (As a Misdemeanor). Indictment, Dec. 17, 2021. The charges

arise from events that allegedly occurred on or about the period of August 1, 2017 through September 30, 2017. On March 3, 2022, Defendant filed the instant motion. Mot. for Bill of Particulars, Mar. 3, 2022. The People filed an opposition. People's Resp. to Def.'s Mot for a Bill of Particulars, Mar. 28, 2022. The Court held a motion hearing and took the parties' arguments under advisement. Mar. 31, 2022.

## DISCUSSION

Defendant argues that "[t]he witness statements and police reports read to the Grand Jury make general allegations of felonious restraint and official misconduct and merely recites the elements but do not allege specific acts by the Defendant." Mot. for Bill of Particulars at 7. Defendant further argues that "without specific factual allegations of the Defendant's actions during the 45 day period encompassed by the Superseding Indictment, the Defendant is unable to prepare his defense." *Id.* The People assert that "[w]hen the transcript/recordings of the grand jury presentation are considered along with the indictment the facts that support the charge are evident." People's Resp. to Def.'s Mot. for a Bill of Particulars at 2. The People further assert that ". . . defendant has been provided with 473 pages of discovery with more disclosures anticipated. This material, along with the recording from the grand jury presentation, allows the defendant to zero in on the facts that support the charges in the indictment and prepare his defense." *Id.*

Title 8 G.C.A. § 55.10 provides "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney." The Supreme Court of Guam has stated that "[i]t is well established that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to subsequent prosecution for the same offense." *People v.*

*Torres*, 2014 Guam 8 ¶ 20 (citing *People v. Jones*, 13 ¶ 12). The Supreme Court of Guam also reasoned that an indictment that tracks the statute's words charging the offense "is sufficient as long as the words unambiguously set forth all the elements of the offense." *Jones*, 13 ¶ 23.

Title 8 G.C.A. § 55.30 provides "[w]hether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense." "The transcript of grand jury proceedings or of the preliminary examination normally provides the defendant with all the information he needs in felony cases." Note to 8 G.C.A. § 55.10. However, there may be cases where it is desirable to pinpoint the issues and this Section will permit such a result." *Id.*

A bill of particulars seeks to provide the defendant details of the charges to "ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). The determination of whether a bill of particulars should be provided is within the trial court's discretion. *Id.* at 1194. Thus, a motion for a bill of particulars is appropriate when a defendant "requires clarification in order to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). In determining whether a bill of particulars is warranted, "a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Id.* (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)).

**A. Charge One of the Indictment specifies the particulars of the offense sufficiently to enable Defendant to prepare his defense.**

The First Charge of the Indictment states:

On or about the period between August 1, 2017, through September 30, 2017, inclusive, in Guam **JOEY ALAN ACFALLE TERLAJE** did commit the offense of *Felonious Restraint (As a 3rd Degree Felony)*, in the he did knowingly restrain another, that is, *V.R.M.T. (D.O.B. 11/12/1990)*, unlawfully in circumstances exposing *V.R.M.T. (D.O.B. 11/12/1990)* to risk of serious bodily injury, in violation of 9 GCA §§ 22.30(a), 80.30, and 8 GCA § 10.40.

Although the time frame for Charge One is broad, Defendant has the opportunity to review the Grand Jury presentation—which has already been provided to Defendant. After reviewing the Grand Jury presentation, the Court finds the presentation contains the information Defendant needs to become sufficiently apprised of the charges and adequately prepare for trial. While the events discussed in the Grand Jury presentation cover a sixty-day time period, there is only one instance of Defendant's conduct that could be construed as Felonious Restraint. The Note to 8 G.C.A. § 55.10 specifies that a copy of the grand jury proceedings "usually" provides the defendant with elucidative information. The Court finds as to the First Charge, any ambiguity resulting from the broad time frame is clarified upon review of the Grand Jury presentation.

Likewise, the charge contained in the Indictment tracks the language of its corresponding statutes, specifically 9 GCA §§ 22.30(a), 80.30, and 8 GCA § 10.40. In tracking the language of the corresponding statutes, the People have also properly stated the elements for the offense, along with sufficient facts that adequately inform Defendant of the charge. Specifically, Charge One alleges Defendant "did knowingly restrain another, that is, V.R.M.T. (D.O.B. 11/12/1990), unlawfully in circumstances exposing V.R.M.T. (D.O.B. 11/12/1990) to risk of serious bodily injury." Accordingly, the Court finds a bill of particulars is not warranted for Charge One.

**B. Charges Two and Three of the Indictment fail to specify the particulars of the offense sufficiently to enable Defendant to prepare his defense.**

The Second Charge of the Indictment states:

On or about the period between August 1, 2017, through September 30, 2017, inclusive, in Guam, **JOEY ALAN ACFALLE TERLAJE** did commit the offense of *Official Misconduct (As a Misdemeanor)*, with intent to harm another person, namely *V.R.M.T. (D.O.B. 11/12/1990)*, with intent to harm another person, namely *V.R.M.T. (D.O.B. 11/12/1990)* he did knowingly commit an act relating to his office but constituted an unauthorized exercise of his official functions, knowing that such act is unauthorized, in violation of 9 GCA §§ 49.90(a), 49.10, and 8 GCA § 10.40.

The Third Charge of the Indictment states:

On or about the period between August 1, 2017, through September 30, 2017, inclusive, in Guam, **JOEY ALAN ACFALLE TERLAJE** did commit the offense of *Official Misconduct (As a Misdemeanor)*, with intent to harm another person, namely *V.R.M.T. (D.O.B. 11/12/1990)*, he did knowingly refrain from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office, in violation of 9 GCA §§ 49.90(b), 49.10, and 8 GCA § 10.40.

In explaining the two charges Defendant faces, the Indictment correctly follows the statute's language and sets forth the elements of the charges. It is unclear, however, if the Indictment contains sufficient facts that adequately inform Defendant of the charges. The Note to 8 G.C.A. § 55.10 specifies that the transcripts of the grand jury proceedings "normally" provide the defendant with all of the information he needs in a felony case." Consequently, the Court finds that a bill of particulars is only warranted in this case if Defendant is unable to "pinpoint the issues" after examining the Grand Jury presentation. Upon reviewing the transcript of the Grand Jury presentation, the Court finds the People discuss Defendant's conduct as to three events that occurred between August 1, 2017 and September 30, 2017: (1) the barbeque at the ranch in Yona; (2) the text message exchange between Defendant and Jesse Blas; (3) and the arrest of Victim at a hotel in Tumon.

The Court finds that the testimony during the Grand Jury investigation implies that Defendant committed the offense of Official Misconduct at all three events. Yet, Defendant is

only charged with two instances of Official Misconduct. The Court acknowledges that 8 G.C.A. § 55.10 does not require the People to inform Defendant of the exact dates giving rise to the charges, and time is not an element of this offense. Even so, a sixty day time frame is not particular enough to provide Defendant the opportunity to establish his legal defense when the People know the exact dates of Defendant's conduct. The Grand Jury presentation indicates that Defendant's conduct was not ongoing nor was the victim unsure about the dates of the alleged offenses. Defendant is unable to determine witnesses to call and defenses to assert at trial if he cannot pinpoint the conduct the People argue was Official Misconduct. For example, Defendant would not call a witness who attended the barbeque in Yona if the People allege that he committed Official Misconduct at the hotel in Tumon. Moreover, there is no magistrate complaint to aid Defendant in narrowing down the timeframe and the large volume of discovery does not clarify Defendant's conduct. The People argue that they have provided Defendant with 473 pages of discovery, which should help Defendant "zero in" on the facts supporting the charges. People's Resp. to Def.'s Mot for a Bill of Particulars at 2. Rather than offer precise facts as pertaining to the charges, the discovery discusses multiple events involving Defendant and adds to the ambiguity surrounding the charges. Therefore, the Court exercises its discretion and determines that a bill of particulars is warranted.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Defendant's motion as to Charge Two of Official Misconduct (As a Misdemeanor) and Charge Three of Official Misconduct (As a Misdemeanor) and **DENIES** Defendant's motion as to Charge One of Felonious Restraint (As a Third Degree Felony). Thus, the Court instructs the People to state with particularity the incidents and times of the alleged conduct that constitute the offenses charged.

SO ORDERED, this 20 day of April 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam